[No. 27719. Department Two. February 20, 1940.]

ASSOCIATED INDEMNITY CORPORATION, *Respondent*, v.
R. WACHSMITH *et al.*, *Appellants*.[1]

[1]Reported in 99 P. (2d) 420.

680

*Harry L. Olson, D. V. Morthland,* and *Bruce Bartley,* for appellants.

*Cheney & Hutcheson,* for respondent.

JEFFERS, J.—This is an appeal by defendants, R. Wachsmith and wife, Richard Wachsmith, Jr., Carl Buss, United Pacific Insurance Company, and Harry L. Olson, from a declaratory judgment entered in favor of plaintiff, Associated Indemnity Corporation, on February 4, 1939.

On September 17, 1935, Carl Buss, above named, was injured in an automobile collision between a truck, owned by R. Wachsmith, Sr., but which at the time was being operated by his son, Richard Wachsmith, Jr., and an automobile owned by one Kenneth Martin. At the time of the accident, Buss was in the employ of R. Wachsmith, Sr., and was riding on the truck in the course of his employment. The truck was being operated with the consent of R. Wachsmith, Sr.

At the time of the accident, R. Wachsmith, Sr., held two liability insurance policies; one issued by plaintiff and the other by defendant United Pacific Insurance Company. Thereafter, on or about October 16, 1935, Carl Buss and Kenneth Martin and wife brought a joint action against R. Wachsmith, Sr., and Richard Wachsmith, Jr. The complaint set up two causes of action; the first based upon personal injuries received by Buss; the second based upon damages to the automobile of the Martins.

On November 9, 1935, after having obtained the signatures of Wachsmith, Sr., and wife, and Wachsmith, Jr., to nonwaiver agreements, Messrs. Cheney & Hutcheson and Eugene D. Ivy, who by mutual consent were representing both insurance companies hereinbefore referred to, filed an answer on behalf of the Wachsmiths in the Buss case.

After the trial of the Buss action had started, the trial court's attention was called to the fact that Wachsmith, Jr., was a minor, whereupon the court appointed D. V. Morthland guardian *ad litem* for such minor. On December 19th, Mr. Morthland filed an answer on behalf of the minor, and thereafter appeared for the minor, Messrs. Cheney & Hutcheson and Mr. Ivy appearing for the other Wachsmiths.

At the commencement of the trial, the court sustained the objection of R. Wachsmith, Sr., and wife to the introduction of any evidence on behalf of plaintiff Buss. The case proceeded, however, before the court and jury as to the claim of the Martins against all the defendants, and as to the claim of Buss against Wachsmith, Jr. The jury returned a verdict in favor of Buss for five thousand dollars, and in favor of the Martins for $165. Judgment was entered on the verdict in favor of the Martins, but the trial court granted a motion for judgment notwithstanding the verdict as to the Buss verdict, and dismissed the action as to Wachsmith, Jr. Upon appeal to this court, the judgment was reversed, the lower court being directed to enter judgment on the verdict in favor of Buss against Wachsmith, Jr., and to proceed further, in accordance with the opinion, as to Wachsmith, Sr. The judgment was affirmed as to the Martins. *Buss v. Wachsmith,* 190 Wash. 673, 70 P. (2d) 417. After judgment had been entered on the remittitur, and on May 25, 1938, Wachsmith, Sr., was, on motion of Buss, dismissed from the action.

On February 18, 1938, the present action was instituted by the Associated Indemnity Corporation against the defendants, under the declaratory judgment act, seeking to obtain a decree as to the rights, duties, status, and legal relations of the parties under its policy of liability insurance issued March 21, 1935,

wherein the named insured is Richard Wachsmith, Sr. The defendants' answer was a general denial. The court, after a hearing, entered findings of fact, conclusions of law, and judgment, wherein it decided that Carl Buss, at the time of receiving his injury, was an employee of Wachsmith, Sr., and was in the course of his employment; that the policy in question does not cover claims for injury to an employee of the insured sustained in the course of his employment, other than a domestic servant whose duties do not include the operation, maintenance, or repair of any automobile; and that Buss was not such a domestic servant. The decree further provided that plaintiff company be relieved, discharged, and exonerated from any further duty or liability to Carl Buss or Harry L. Olson, assignee of the Buss judgment. The judgment protected the rights of the Martins. Motions for new trial and for judgment notwithstanding the verdict were made and denied, and this appeal followed.

We are first met with the question of whether or not this is a proper case for the application of the declaratory judgment act. Appellants contend that it is not, for the reasons (1) that the controversy cannot be terminated by this action; (2) that there is an adequate remedy available in a case pending; and (3) that the present action was not timely instituted.

Our statutes covering declaratory judgments are found in Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P. C. §§ 8108-21 to 8108-37] (Laws of 1935, chapter 113, p. 305, as amended by Laws of 1937, chapter 14, p. 39), both inclusive. Section 784-1 [P. C. § 8108-21] provides:

"Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. . . ." Laws of 1937, chapter 14, p. 39, § 1.

Section 784-2 [P. C. § 8108-22] provides:

"A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." Laws of 1935, chapter 113, p. 305, § 2.

Section 784-3 [P. C. § 8108-23] provides: "A contract may be construed either before or after there has been a breach thereof." Laws of 1935, chapter 113, p. 305, § 3.

In support of the first point raised, appellants point out that the appellant Olson is not only an assignee of Carl Buss, but is also an assignee of Kenneth Martin and wife; and that, since respondent seeks no declaration in this action as to its liability or non-liability upon the Martin judgment, therefore this action, even after judgment, will leave such matter undetermined.

We do not think appellants' contention tenable. Respondent admits its liability to the Martins under the policy and has paid the judgment of $165 for damage to the Martin car. The only question respondent is seeking to have determined in this action is whether or not it is liable to Buss under its policy. That is, and has been, the real controversy, and it seems to us respondent is entitled to have a determination of that issue, regardless of the fact that the Martin claim was tried jointly with the Buss claim. We are also of the opinion that the controversy relative to the Buss judgment can and will be terminated by this action.

We are also of the opinion that the contention of appellants that relief must be denied herein because there is an action pending in the Federal court for

direct relief, cannot be sustained. The action in the Federal court was started after this action was commenced, and it seems to us, if either court is to be deprived of jurisdiction because of the pendency of the other action, it must be the court to which application was last made for relief. *Bliss Co. v. Cold Metal Process Co.,* 102 F. (2d) 105. We think the words of the trial court are very much in point on this question:

"If declaratory actions are to be shunted into the discard upon the happening of such a contingency, and if their validity and effectiveness can be defeated merely by bringing a subsequent action for direct relief in another tribunal, then the declaratory judgments act is more of a joke than an important and effective part of the law of the state, and it would be far better to have it repealed than to allow it to remain on the statute books as an impotent step-child of the legislature."

We are also of the opinion the action was timely brought. It was not, in our opinion, necessary for respondent to take action until the liability of the Wachsmiths had been determined in the prior action. Almost immediately after such determination, this action was started.

We think, under the statute and under the decisions of this court and the Federal court, this action was properly instituted. *Acme Finance Co. v. Huse,* 192 Wash. 96, 73 P. (2d) 341, 114 A. L. R. 1345; *Schoenwald v. Diamond K Packing Co.,* 192 Wash. 409, 73 P. (2d) 748; *Inland Empire Rural etc. v. Department of Public Service,* 199 Wash. 527, 92 P. (2d) 258; *Peoples Park & Amusement Ass'n v. Anrooney,* 200 Wash. 51, 93 P. (2d) 362; *Aetna Life Ins. Co. v. Haworth,* 300 U. S. 227, 81 L. Ed. 617, 57 S. Ct. 461, 108 A. L. R. 1000.

We do not think the *Peoples Park & Amusement Ass'n* case, supra, supports appellants' contention that this action will not lie.

■ Appellants contend that the United Pacific Insurance Company should have been dismissed as a party defendant, for the reason that it now appears that the statute of limitations has run against any cause of action on behalf of Buss against Wachsmith, Sr., and wife. This action was started before the statute of limitations had run, and before Mr. and Mrs. Wachsmith, Sr., had been dismissed from the action. We think the rule is that the rights of the parties must be determined as of the time of the commencement of the action. 1 C. J. 1149.

■ On the right, generally, to make the United Pacific Insurance Company a party to this action, it having, at the time of the accident and at the time of the commencement of this proceeding, a policy which it was contended covered Wachsmith, Sr.'s, liability to Buss, see *Farm Bureau Mut. Automobile Ins. Co. v. Daniel*, 92 F. (2d) 838, and *Maryland Casualty Co. v. Hubbard*, 22 Fed. Sup. 697.

■ On the merits, it is first contended by appellants that the Buss judgment is covered by respondent's policy. The named insured in the policy was Richard Wachsmith. The following provisions of the policy must be considered in connection with appellants' assignment of error:

"*The Foregoing Agreements Are Subject to the Following Conditions:*

"*Risks Not Covered*—This Policy does not cover: (a) claims for injury or death of the Insured; or of any employee of the Insured sustained in the course of his employment, other than a domestic servant whose duties do not include the operation, maintenance or repair of any automobile . . .

"Additional Insured—Except as to any risk not covered, the insurance under Items 1 and 2 is available, upon the same terms as it is available to the named Insured, to any person, firm or corporation, while riding in or operating with legal license any automobile

covered hereunder for the purposes stated in the Declarations, and to any person, firm or corporation legally responsible for such operation, provided such use is with the consent of the named Insured, or an adult member of his household other than a chauffeur or a domestic servant . . . The unqualified term 'Insured' shall include *every person entitled to protection hereunder,* but the terms and conditions hereof in which the term 'Named Insured' is employed shall apply only to the person, firm or corporation named and described as such herein." (Italics ours.)

It is admitted that Buss was an employee of the named insured, R. Wachsmith, Sr., at the time he was injured, and that he was in the course of his employment. It is also admitted that the truck on which Buss was riding at the time of the accident was being driven by Richard Wachsmith, Jr., with the consent of the named insured, R. Wachsmith, Sr., and that Buss was not an employee of Richard Wachsmith, Jr. Appellants argue that, Richard Wachsmith, Jr., the judgment debtor, being an insured under the policy at the time of the accident, and Buss not being an employee of Wachsmith, Jr., Buss was not an employee of the *insured,* and therefore not excluded from coverage under the policy; further arguing that the exclusion clause does not exclude the employee of any insured, but the employee of *the* insured.

We do not think this contention can be sustained, because, as the unqualified term "insured" is defined in the policy to mean and include "every person entitled to protection hereunder," surely it cannot be logically contended that R. Wachsmith, Sr., the one to whom the policy was issued, and who paid for it, is not entitled to protection under the policy. If this be true, then it must follow, we think, that R. Wachsmith, Sr., is an insured under the policy at all times, and that Buss, being his employee at the time he was injured,

is not covered by the policy, regardless of whether or not Buss was also an employee of Richard Wachsmith, Jr., the additional insured and judgment debtor herein. The trial court concisely summed up the matter in his memorandum opinion, when he stated:

"It seems to the court, also, that the definitive clause supports this conclusion. It states that 'the unqualified term "insured" shall include every person entitled to protection hereunder . . .' Certainly, the named assured is one entitled to protection under the policy; therefore, he is included within the meaning of the term 'insured.' Since he is so included, Buss, as his employee, comes directly within the terms of the 'Risks Not Covered' paragraph."

A case very much in point is *Madison v. Steller,* 226 Wis. 86, 275 N. W. 703. The policy in the cited case had a provision defining the unqualified term "assured" and the term "named assured," in almost the same language as these terms are defined in the policy in the instant case. In the cited case, the named assured was the Callaway Fuel Company. The persons injured were, at the time of the accident, employees of the fuel company. The truck which struck the employees was being driven by one Steller, an additional insured, with the consent of the company. In the cited case, the same contention was made as is made by the appellants in the instant case. The court held that the term "assured" applied to the named assured; and, since the party killed was an employee of the company, which, under the policy, was an assured, no recovery could be had, as such employee was excluded from coverage.

See, also, *Shawcroft v. Standard Accident Ins. Co.,* 177 Wash. 106, 30 P. (2d) 987; *Bernard v. Wisconsin Automobile Ins. Co.,* 210 Wis. 133, 245 N. W. 200; *Birrenkott v. McManamay,* 65 S. D. 581, 276 N. W. 725; *Continental Casualty Co. v. Pierce,* 170 Miss. 67, 154 So. 279.

Appellants cite and rely on the case of *Kaifer v. Georgia Casualty Co.*, 67 F. (2d) 309. Conceding that the cited case supports the interpretation contended for by appellants herein, we cannot agree with the conclusion reached by the court, nor are we able to follow its reasoning in reaching its conclusion, and we must therefore respectfully decline to follow it.

While appellants contend there is no ambiguity in the exclusion clause in the policy herein, yet they argue that, if there is any ambiguity in the clause, as to employees, then the policy must be construed in a manner most favorable to the insured, citing *Guaranty Trust Co. v. Continental Life Ins. Co.*, 159 Wash. 683, 294 Pac. 585, and other cases. We agree with the rule contended for, and also agree that the cited cases support the rule; but we are of the opinion they are not applicable herein, for the reason that we do not think there is any ambiguity in the policy under consideration, as to employees not covered by the policy.

In the case of *Isaacson Iron Works v. Ocean Accident & Guarantee Corp.*, 191 Wash. 221, 70 P. (2d) 1026, this court quoted with approval from *Green v. National Casualty Co.*, 87 Wash. 237, 151 Pac. 509, as follows:

"Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain and ordinary meaning."

Appellants further contend that the very purpose of the omnibus clause is to give the additional insured full and complete coverage under the same conditions as protection is given to the named insured, citing the cases of *Utica Mut. Ins. Co. v. Langevin*, 87 N. H. 267, 177 Atl. 549, and *Farmer v. United States Fidelity & Guaranty Co.*, 11 Fed. Sup. 542.

In the *Utica* case, the owner of a truck had a liability

policy protecting him and anyone legally responsible for the operation of the truck, with the owner's permission. There was no exclusion clause in the policy as to employees. The court held the policy covered employee's liability to a passenger riding in the truck as the employee's guest, without the owner's consent, where the employee was driving the truck on the master's business. Neither the cited case nor the *Farmer* case is applicable herein.

■ It is further contended that, in any event, respondent has waived its right to rely on the exclusion clause in its policy and is now estopped from asserting same. This contention is rested upon the fact that respondent appeared in the Buss action for Richard Wachsmith, Jr., who at that time was a minor, and continued to participate in such defense, both in the superior and supreme courts; and that, while a reservation of rights and nonwaiver agreement had been entered into with the minor, at the time of the trial of the instant case and shortly after the minor became of age, he disaffirmed the nonwaiver agreement.

We cannot agree that respondent waived any of its rights under the policy, or that it is estopped, by its action in assisting in the defense of such suit, from now claiming the policy does not cover the Buss judgment. The evidence is undisputed that, on October 29, 1935, after it had received notice of the accident, and before it appeared in the Buss action, respondent procured from Mr. and Mrs. Wachsmith, Sr., and Wachsmith, Jr., nonwaiver agreements, wherein respondent reserved the right to contest the policy, and wherein it was also provided that no action of respondent in investigating the matter, or in adjudicating or settling any claim, or defending any suit arising out of such accident, should operate as a waiver of the rights of

respondent, or be construed as an admission of liability on its part.

On November 6th, Messrs. Cheney & Hutcheson, attorneys for respondent, wrote to the Wachsmiths, fully explaining respondent's position to them, and informing them that the company was willing to undertake the defense of the Buss-Martin suit, upon the clear and definite understanding that it was not waiving any policy requirements, and stating particularly its contention in regard to Buss. Wachsmith, Sr., expressly requested respondent to defend the action, with the above understanding. On November 12, 1936, attorneys for respondent again wrote the Wachsmiths, making the same contention as theretofore made, and in conversations with Wachsmith, Sr., at Mr. Cheney's office and at the Wachsmith home, the position of respondent was made clear to the Wachsmiths, Sr. and Jr.

There can be no doubt, from the record herein, but that the Wachsmiths fully understood the conditions under which respondent agreed to defend the action, and that they consented to the respondent defending such action, under the conditions stated. While the testimony of Richard Wachsmith, Jr., in this case, after repeated questions by his counsel, was to the effect that he disaffirmed the nonwaiver agreement, his testimony is convincing of the fact that he understood that respondent was not waiving its right to claim Buss was not covered by the policy. The following questions, among others, were propounded to Wachsmith, Jr.:

"Q. You understood, didn't you, that both companies were going ahead and defending the case for your father with the understanding that the question of coverage would be determined after the Buss case was finished and over with? A. That's right. Q. You understood that; and you never had any objection to that, did you? A. No. Q. At the trial of the Buss case you were represented, weren't you, by Mr. Morthland,

whom the court appointed your guardian ad litem? A. Yes."

It appears also that, after Mr. Morthland was appointed guardian *ad litem* for the minor, and after counsel for respondent had withdrawn as counsel for Wachsmith, Jr., Mr. Cheney fully explained to Mr. Morthland the conditions under which respondent would assist in the defense of the action. No objection was made at any time by any of the Wachsmiths or the guardian *ad litem*.

To constitute waiver, there must be an intentional relinquishment of a known right. 67 C. J. 302. See, also, 21 C. J. 1120, as to the elements of estoppel.

There is certainly no testimony in this case that either Wachsmith, Sr. or Jr., was in any way prejudiced by the act of respondent, but they undoubtedly were benefited. That the facts in the instant case do not establish either waiver or estoppel, see *Knutzen v. Truck Ins. Exchange*, 199 Wash. 1, 90 P. (2d) 282, and cases therein cited. A case also much in point on the question of estoppel is *Lunt v. Aetna Life Ins. Co.*, 261 Mass. 469, 159 N. E. 461.

■ Respondent, under the terms of the policy herein, agreed to investigate and defend claims and suits against the insured, for damages covered by the policy, even if groundless. After being requested by Wachsmith, Sr., to defend the Buss action, respondent could not do otherwise than proceed, but before doing so, it gave notice to Wachsmith, Sr. and Jr., by the nonwaiver agreements and by letter of November 6th, that it would defend the action, with the understanding that it was not waiving its right to contest its liability for the injury sustained by Buss. Such notice was also given to Mr. Morthland, guardian *ad litem* for Wachsmith, Jr.

There is nothing in the statute or the cases on this

matter, that we have been able to find, which requires such notice on the part of an insurer, where it desires to reserve the right to contest liability under the policy, to be in the form of a nonwaiver agreement, or in any particular form. All that seems to be required is notice to the insured that the insurer will defend under a reservation of its rights. *Eakle v. Hayes,* 185 Wash. 520, 55 P. (2d) 1072; *Basta v. United States Fidelity & Guaranty Co.,* 107 Conn. 446, 140 Atl. 816.

In our opinion, then, the only legal effect of the non-waiver agreements was to give notice to the Wachsmiths that respondent would defend the Buss action, with full reservation of its right to contest its liability to Buss. Conceding that the effect of the testimony of Wachsmith, Jr., was to disaffirm the nonwaiver agreement, still we are satisfied such act on his part could not so affect the notice given by respondent as to estop respondent from asserting that the policy did not cover the Buss judgment.

Appellants cite *DiFrancesco v. Zurich General Accident & Liability Ins. Co.,* 105 Conn. 162, 134 Atl. 789; *Miller v. Union Indemnity Co.,* 209 App. Div. 455, 204 N. Y. Supp. 730; *Peterson v. Maloney,* 181 Minn. 437, 232 N. W. 790; *Brooks Transportation Co. v. Merchants Mut. Casualty Co.,* 6 Harr. (Del.) 40, 171 Atl. 207, to sustain their contention of waiver and estoppel.

In the *DiFrancesco* case, the court held that, under the facts in that case, which are entirely different from those in the instant case, the jury was justified in finding that the company had waived its right to written notice of the accident, it appearing that oral notice of the accident had been given the company's adjuster.

In the *Miller* case, the insured refused to sign a non-waiver agreement. Loree, the insured, failed to give the company the names and addresses of witnesses of the accident known to him. The company, claiming

that such failure on the part of Loree was a breach of the conditions of the policy, and with full knowledge of such breach, and after the refusal of Loree to sign a nonwaiver agreement, undertook the defense of the Loree case.

These cases are not applicable herein, and we are also of the opinion that neither the *Peterson* case nor the *Brooks* case, above cited, are applicable to the facts herein.

 This action was commenced on February 18, 1938, and on March 3, 1938, an assignment of the Buss judgment was made to Harry L. Olson, and thereafter Olson appeared and asked to be made a party defendant in this action. Respondent contends this assignment is void; first, for the reason that the acknowledgment was taken by Mr. Olson, and for the further reason that the judgment and the right of recovery against the insurance company, if any, are not of an assignable nature.

We do not think respondent's contention that, because the acknowledgment was taken by Mr. Olson, the assignment is void, is sustained by Rem. Rev. Stat., § 447 [P. C. § 8110-15]. We are of the opinion that, under our decision in the case of *Keene Guaranty Sav. Bank v. Lawrence*, 32 Wash. 572, 73 Pac. 680, the assignment was perfectly valid. Neither do we believe the case of *Benton v. Associated Indemnity Corp.*, 195 Wash. 446, 81 P. (2d) 507, and cases therein cited support respondent's contention that the Buss judgment could not be assigned.

While we think the assignment of the Buss judgment to Olson was a valid assignment, we are of the opinion that Olson would or could have no other or greater right than his assignor; and, it having been determined that the Buss judgment is not covered by the policy in question, it must follow that there is no liability to

Olson, as such assignee, and we think the trial court properly so held.

The judgment is affirmed.

BLAKE, C. J., STEINERT, GERAGHTY, and BEALS, JJ., concur.

¹Reported in 99 P. (2d) 427.