181 F.Supp. 380 (1960)
GENERAL AVIATION SUPPLY CO., Plaintiff,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant.
No. 58 C 486(3).
United States District Court E. D. Missouri, E. D.
January 13, 1960.
*381 Charles F. Hamilton and Morris E. Stokes, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, Mo., for plaintiff.
L. A. Robertson, Alexander & Robertson, St. Louis, Mo., for defendant.
WEBER, District Judge.
Plaintiff, hereinafter referred to as General Aviation, a Missouri corporation, together with one Joseph H. Genne, an employee of plaintiff, have been sued by one Joseph E. Babis in the Circuit Court of St. Louis County, Missouri, being cause No. 229796, Court B, therein. The nature of the suit is to recover for personal injuries alleged to have been sustained by Babis on August 29, 1957, while riding in an airplane managed and controlled by Genne while acting as the agent, servant, and employee of General Aviation. Plaintiff has filed this suit against defendant Insurance Company for declaratory judgment to determine the company's liability under the provisions of its Aircraft Policy No. ANM 17260 issued to Cincinnati Air Activities, Inc., and Cincinnati Aircraft, Inc. Defendant is a Pennsylvania corporation and has its principal place of business in that state, the amount in controversy exceeds $10,000 and this Court therefore has jurisdiction.
The cause was tried before the Court and the evidence herein reveals the following factual situation:
General Aviation is engaged in the business of selling airplane parts and equipment and pilot equipment to aircraft dealers and aircraft service operators. It buys these parts and equipment from manufacturers and has agents in the field contacting various aircraft dealers *382 and service operators throughout this general area. Genne is one of its salesmen and left Missouri on August 25, 1957, on a sales trip. He flew his employer's plane as far as Cincinnati, Ohio, where arrangements had been made to leave it with Cincinnati Aircraft for painting and Cincinnati Aircraft was to furnish Genne with a plane to use for the balance of his sales trip.
Joseph E. Babis is an employee of Cincinnati Aircraft and his duties were connected with the sales and service offered to aircraft by his employer. From Cincinnati on, Genne was going to contact his customers to interest them in radio equipment. Babis was going with him for that part of the trip to introduce him to the customers, if necessary, and to also separately promote the sales and service facilities of his employer.
Both Babis and Genne flew the plane at different times on this trip and there is some dispute as to who was in control of the plane at the time it crashed on August 29, 1957, at the airport at Myer Field, Madison, Indiana, where they were attempting to land.[1] Defendant has admitted that if Genne was operating the plane, it was with the consent of Cincinnati Aircraft, the named insured, but if Babis was operating the plane, it was not with such consent.
The policy issued to Cincinnati Aircraft has an omnibus insurance clause[2] which insures anyone operating their airplane with permission. There is also an exclusion in the policy[3] as to employees of the insured and one of the conditions of the policy provides for severability of interests.[4]
Defendant insurance company contends that the foregoing provisions of the policy (as contained in the previous footnotes herein) exclude it from liability and therefore it should not be called upon to either defend plaintiff in the suit pending in the state court nor be responsible for any judgment for damages awarded therein. Plaintiff, on the other hand, contends that it is not excluded and that defendant should not only defend the case in the state court, but asks this Court to declare that it should pay any judgment rendered against it.
Under this factual situation, and in view of the terms and the provisions of the policy in question, the Court must make its determination of defendant's liability and obligations in the law suit pending in the Circuit Court of St. Louis County. The first thing that must necessarily be determined is whether defendant has any liability as to an employee of the named insured when that employee is injured by the alleged negligence of one covered by the omnibus provisions *383 of the policy. In other words, does the exclusion as to actions by employees of the insured extend to an employee of the insured when suing a person operating the plane with the consent of the insured?
The named insured is an Ohio corporation and as far as this record is concerned, the policy can be considered as being a contract of the State of Ohio. Our research of the law of Ohio does not reveal an interpretation of this problem by its courts. In the absence of evidence, the common law or rule of another state is presumed to be the same as the common law of the forum. Boland v. Love, 95 U.S.App.D.C. 337, 222 F.2d 27, 32; Ragsdale v. Brotherhood of R. Trainmen, Mo.App.1942, 157 S.W.2d 785.
The search further reveals that the State of Missouri (the forum) likewise has not passed upon this matter. Therefore, in the absence of common law expression in both the state where the contract was made and the forum, the Court must look to analogous incidents from other decisions and make a determination as to the rule it shall adopt. See Musser v. Musser, 1920, 281 Mo. 649, 221 S.W. 46; see also 21 C.J.S. Courts § 204, at page 355.
The authorities are divided. See the discussion and citation at 50 A.L.R.2d 78, loc. cit. 97, § 6. One group holds that an employee of an insured, other than the insured seeking protection, is not within the language of the exclusion.[5] The other group holds that if the injured party is an employee of any person who is insured under the policy, the exclusion is applicable, although he may not have been an employee of the person committing the tort.[6]
The question of whether the policy contains a "severability" clause[4] is of importance in making these determinations. In Standard Oil Company of Texas v. Transport Insurance Company, Tex. Civ.App., 324 S.W.2d 331, the Court stated at loc. cit. 334:
"This leaves us with one vital question to be answered. Are the exclusions * * * such as to exclude coverage to * * * an insured, where (the insured) is being sued by an employee of the named insured (but not by its own employee)? In this connection the `severability of interest' must be considered. * * *
"There is nothing ambiguous in the meaning of `severability'. Webster's International Dictionary, 2nd Edition, defines `severability' as `capable of being severed; capable of being divided into legal, independent rights or obligations; said especially of a contract of which the part to be performed by one party consists of distinct items to which the consideration may be proportioned so that the invalidity, failure of performance, or the like, as to one item does not necessarily affect the others'. The opinion from the Fifth Circuit Court of Appeals, particularly American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co., 248 F.2d 509, and other cited cases from the same court, were written without * * * severability of interest clause. In those cases the court found that the employee *384 exclusion clause prevented protection to an `omnibus insured' from a suit by an employee of the insured. However, other jurisdictions, even without the `severability of interest' clause, have taken the opposite viewpoint. * * *
* * * * * *
"* * * Under the exact terms of the policy, as written, we can reach no other conclusion but that (the omnibus insured) is entitled to the protection of the automobile liability policy carried by the (named insured) where its interests are severed from those of the named insured." (Parentheses throughout have been supplied.)
The case of Simpson v. American Automobile Insurance Company, Mo.App. 1959, 327 S.W.2d 519,[7] has been cited and referred to in the briefs of counsel. At first blush, that cause might seem to be determined contrary to the decision reached by this Court. However, it involves a situation wherein the employee of an omnibus insured is suing his own employer. The policy did not contain a severability clause. The court therein held that he came within the employee exclusion under such circumstances. Therefore, it should be distinguished from the case at bar both factually and because of the severability clause of the policy.
It is this Court's conclusion that where a policy of insurance contains a "severability of interest clause", such as found here,[4] the exclusion within the policy as to employees of the insured[3] should be limited and confined to the employees of the employer who commits the tort or seeks protection. Therefore, the fact that Babis was an employee of Cincinnati Aircraft, and as such Cincinnati Aircraft would not be covered in a suit by Babis against it, nevertheless, General Aviation, the omnibus insured, should be protected by the policy.
The reason this Court reaches that conclusion is that we are considering an "Exclusion" provided by the insurer as to its liability. In setting forth exclusions there is no apparent reason why the insurer cannot be specific and clear in its designations. See Kaifer v. Georgia Casualty Co.[5]
The logical theory for the employee exclusion is to prevent employees of the tort feasor from suing his employer for injuries received thru his employer's negligence. A reason for this is that employees are usually covered by workmen's compensation and can recover from the employer, with or without negligence. When negligence is committed by other than his employer, the logic for the exclusion disappears. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when the policy contains a severability clause, for there it can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured. For a similar view and discussion see Vol. 24, University of Kansas City Law Review, "Who is `The Insured'", pp. 65, 66, 72 (1956).
The next question to be decided is whether or not General Aviation falls within the definitions and exclusions as to manufacturers of aircraft, engines, or aviation accessories.[2(c)] This is both a legal and a factual matter. The facts here are that General Aviation is not a manufacturer of aircraft, engines, or aviation accessories, nor is it an airport or hangar operator. It does sell airplane parts and equipment and pilot equipment and the question is then presented as to whether it falls within the wording "any *385 aviation sales or services or repair organization".
The terms and conditions of a policy of insurance should be strictly construed as against the company issuing the policy. This is axiomatic, and with that in mind, let us look at this wording. What is meant by "aviation sales or services or repair organization"? One does not sell, repair or service "aviation". One sells, repairs and services "aircraft". Therefore, on this point it is the Court's conclusion that the phrase, as used in this policy, "aviation sales or services or repair organization" refers to the sales, services or repair of aircraft. Under the facts in this case plaintiff is not engaged in that type of business as plaintiff does not sell, service or repair aircraft, but sells aircraft supplies and equipment.
This brings the Court to the third and final matter of consideration raised herein. Plaintiff is not excluded by the terms and the conditions of the policy and is now being sued. What duty then does defendant owe to the plaintiff?
In view of the Court's determination of the issues of coverage under the policy, there is no question but that defendant owes the duty to defend plaintiff in the suit filed in the state court. The policy so provides and this duty exists regardless of the merits of Babis' claim. Mistele v. Ogle, Mo.Sup.1956, 293 S.W. 2d 330.
Plaintiff also contends that defendant owes the further obligation of satisfaction of any judgment for damages that might be entered against it. Defendant contends that if the Court should decree its obligation to defend, that it should not go further and decree its liability for damages obtained. In this connection it is pointed out that plaintiff has a policy of insurance of its own.
To begin with, a Court of Equity having jurisdiction over the cause has jurisdiction to determine all matters at issue. In Firemen's Ins. Co. of Newark v. Smith, 8 Cir., 1950, 180 F.2d 371, 375, certiorari denied 339 U.S. 980, 70 S.Ct. 1028, 94 L.Ed. 1384, it was said:
"It is elementary that a court of equity, in exercise of its power, may, having jurisdiction over the cause, determine all matters at issue and make a final decree granting full relief to the parties."
The insurance carried by plaintiff only provides for "excess" coverage. Defendant's policy with Cincinnati Aircraft has only a "pro-rata" provision applicable to the coverage in question. Defendant thus becomes the primary insurer and plaintiff's insurer has only a secondary obligation. American Surety Co. of New York v. Canal Ins. Co., 4 Cir., 258 F.2d 934.
Defendant has admitted that if Genne was operating the plane, it was with the consent of Cincinnati Aircraft. Babis has bottomed his suit in the state court upon the allegation that Genne was in control of the airplane and has alleged general negligence, in other words, has sued on the res ipsa theory. Whether he recovers is dependent upon sustaining the negligence alleged, but, if he recovers, plaintiff, either as principal or master, would become liable, or jointly liable with its employee, for the damages awarded.
It is this Court's conclusion that under the terms and the conditions of the policy in question, and under the facts here presented, defendant should be liable to the extent and limits of its coverage, for such judgment. Therefore, defendant has not only the duty to defend, but to pay, within its limits, any judgment that would be returned against plaintiff.
An Order shall be entered herein finding the issues for the plaintiff and against the defendant and declaring that under the terms and the provisions of defendant's policy No. ANM 17260, issued to Cincinnati Air Activities, Inc., and Cincinnati Aircraft, Inc., defendant shall defend the plaintiff herein in Suit No. 229796, Court B, in the Circuit Court of St. Louis County, Missouri, wherein Joseph E. Babis, plaintiff, and General *386 Aviation Supply Company, plaintiff herein, and Joseph H. Genne are defendants. The Order shall further provide that under the terms of said policy and within its limits, defendant shall be liable for the payment of any final judgment for damages, rendered and entered against General Aviation Supply Company.
NOTES
[1] For the purposes of this suit, however, it is sufficient that Babis in his Petition for damages in the state court has alleged that Genne was in control and operation of the plane. The dispute as to who was in control will be an issue of fact that must be therein determined.
[2] (a) The insuring agreement, coverage B (1) provides that defendant shall pay on behalf of the insured all sums which the insured shall become obligated to pay for damages arising out of "the ownership, maintenance or use of any owned aircraft as described in this policy;"

(b) Under "Definitions" the word "insured" in respect to coverage B(1) aforesaid "includes not only the named insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the named insured."
(c) However, with respect to any person other than the named insured, the policy does not apply to "(B) any manufacturer of aircraft, engines, or aviation accessories, or any aviation sales or services or repair organization or airport or hangar operator or their respective employees or agents, other than agents or employees of the named insured, with respect to any occurrence or accident arising out of the operation thereof".
[3] "Exclusions. This policy does not apply: (g) under coverages A and B, to bodily injury to or death of any employee of the insured arising out of and in the course of his employment by the insured."
[4] "The term `the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."
[5] Kaifer v. Georgia Casualty Co., 9 Cir., 1933, 67 F.2d 309; Lumber Mutual Casualty Co. v. Stukes, 4 Cir., 1947, 164 F. 2d 571; Farm Bureau Mut. Auto. Ins. Co. v. Smoot, D.C.W.Va.1950, 95 F.Supp. 600; New v. General Casualty Co., D.C. Tenn.1955, 133 F.Supp. 955; Walls v. Gaines, 1940, 46 Pa.D. & C. 327.
[6] Webb v. American Fire & Casualty Co., 1941, 148 Fla. 714, 5 So.2d 252; Pullen v. Employers' Liability Assur. Corp., La.App.1954, 72 So.2d 353; Continental Casualty Co. v. Pierce, 1934, 170 Miss. 67, 154 So. 279; Standard Surety & Casualty Co. v. Maryland Casualty Co., 281 App.Div. 1069, 121 N.Y.S.2d 767, rehearing denied 1953, 281 App.Div. 1075, 122 N.Y.S.2d 415; Associated Indemnity Corp. v. Wachsmith, 1940, 2 Wash.2d 679, 99 P.2d 420, 127 A.L.R. 531.
[7] It might further be noted that at this writing this cause is yet pending upon a Motion to Transfer to the Supreme Court of Missouri. The decision will not be final until the Motion is either denied or the Supreme Court has further decided.
[4] See note 4 on page 382.
[4] See note 4 on page 382.
[3] See note 3 on page 382.
[5] See note 5 on page 383.
[2(c)] See note 2(c) on page 382.