PEPSI-COLA BOTTLING COMPANY OF CHARLESTON, a corporation, and The Travelers Insurance Company, a corporation, Appellees,

v.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a corporation, Appellant.

No. 8876.

United States Court of Appeals Fourth Circuit.

Argued March 29, 1963.

Decided June 4, 1963.

Walter C. Price, Jr., Charleston, W. Va. (Payne, Minor, Ray, Price & Loeb, Charleston, W. Va., on brief), for appellant.

E. Loyd Leckie, Charleston, W. Va. (Stanley C. Morris and Steptoe & Johnson, Charleston, W. Va., on brief), for appellees.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

The question before us is which of two insurance coverages—the auto truck policy of the appellant Indemnity Insurance Company of North America or the public liability policy of appellee The Travelers Insurance Company—is primarily responsible to defend the Pepsi-Cola Bottling Company, the other appellee, in an action for the death of the truck driver occurring in his delivery of gasoline to Pepsi's plant. Pepsi and Travelers sought a judgment declaring Indemnity primarily responsible for the defense of the death action. The District Court granted the declaration. The terms of the two policies, with no critical

factual issue in the case, lead us to the same conclusion.

The decedent, Roy J. Lipscomb, was an employee of Elk Refining Company. It held a comprehensive automobile liability policy upon its trucks issued by Indemnity. At the same time Pepsi had a public liability policy with Travelers. In delivering an order for gasoline on January 12, 1960, Roy Lipscomb drove Elk's truck to the vehicle entrance of the Pepsi building. The entry-way was closed by a large sliding door within which was a small door for the use of individuals. On this occasion neither door could be opened; the larger was off its rollers and the smaller one tightly boarded.

Following instructions of Pepsi representatives, and with their help, the large door was forced inward at the bottom, the truck's hose pushed under it and then pulled by those inside into the plant. Unable to see, but thinking the hose had been connected by the Pepsi employees to the intake pipe of the underground storage tank, the driver opened the valve on the truck to allow gasoline to flow through the hose into the tank. Tending the truck, Lipscomb remained on the outside of the doorway, still unable to see the discharge end of the hose. Suddenly, from another door a woman called to him to cut off the gasoline as it was running over the floor. Obeying at once, Lipscomb entered the premises and found the hose lying on the concrete floor near but unattached to the intake pipe which was still capped. While he was sweeping the gasoline out, it burst into flames at another point. In the confusion he was fatally burned or suffocated.

I. Pepsi and Travelers—sustained by the District Judge—assert that Pepsi was an insured under the terms of Elk's policy with Indemnity. Their argument is this: that the death claim arose—regardless of its merits—in the unloading of the truck, as that term is used by the policy in defining the covered use of the truck, that Pepsi was taking part in this undertaking, and hence is protected by the policy. Its stipulations on this head are as follows:

"III. *Definition of Insured.*

"The unqualified word 'insured' includes the named insured and also includes *any person while using* an owned automobile * * *, provided the *actual use* of the automobile is by the named insured or with his permission, * * *

* * * * * *

"*4. Purposes of Use Defined.*

* * * * * *

"(c) Use of an automobile includes the loading and unloading thereof." (Accent added)

We too think the circumstances furnish ground for an averment that Pepsi through its representatives, with the consent of Elk, participated in the discharge of the gasoline, and so became an insured under Indemnity's policy. This is not, as the District Judge emphasized, the equivalent of a finding of liability. It means only that such a claim, with or without merit, as could arise from these events would require the insurer of the truck to defend it. Appellant's counsel with candor cites authorities abundantly supporting this proposition. E. g., Lumbermens Mut. Cas. Co. v. Employers' Liab. Assur. Corp., 252 F.2d 463 (1 Cir., 1958); Red Ball Motor Freight, Inc. v. Employers' Mut. Liab. Ins. Co., 189 F.2d 374 (5 Cir., 1951).

II. But, Indemnity urges, even if Pepsi is an "insured" under the policy, any obligation of Indemnity to defend Pepsi is excused by the clause excluding coverage of a claim against the insured by an employee. It reads:

"This policy does not apply:

" * * * (b) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or

(2) other employment by the insured;"

To this Pepsi and Travelers rejoin that Lipscomb was not an employee of Pepsi, but only of Elk, and hence the exclusion just quoted does not lift Indemnity's coverage from Pepsi. The District Judge, as do we, agreed.

Concededly, able authority supports the opposite view. E. g., Kelly v. State Auto Ins. Ass'n, 288 F.2d 734 (6 Cir., 1961); American Fid. & Cas. Co. v. St. Paul-Mercury Indemn. Co., 248 F.2d 509 (5 Cir., 1957). Equally reputable precedents, however, hold the insurer obligated to respond to a claim made against one insured by a person not in its employ but in the employ of another insured under the same policy. Gulf Ins. Co. v. Mack Warehouse Corp., 212 F.Supp. 39 (E.D.Pa.1962); General Aviation Supply Co. v. Insurance Co. of N. America, 181 F.Supp. 380 (E.D.Mo.), aff'd, 283 F.2d 590 (8 Cir., 1960); Ginder v. Harleysville Mut. Cas. Co., 49 F.Supp. 745 (E.D. Pa.1942), aff'd, 135 F.2d 215 (3 Cir., 1943). See Annot., 50 A.L.R.2d 78, 97 (1956). Unfortunately for us the Supreme Court of West Virginia has not considered the question. Judge Parker writing for this court left it open, but with a strong implication of agreement with the conclusion we have here expressed, in Lumber Mutual Casualty Ins. Co. v. Stukes, 164 F.2d 571, 574 (4 Cir., 1947). In the same direction, although not squarely apposite fact-wise, is the decision of the late Judge Ben Moore of the Southern District of West Virginia, in Farm Bureau Mut. Auto. Ins. Co. v. Smoot, 95 F.Supp. 600, 603 (1950).

This construction accords with the rudimentary rule of interpretation that the court should ferret out and pursue the intent and purpose of the policy. No reason is shown why an insured should not be indemnified against a claim of one outside *that* insured's employment. Again, admittedly, one of the objects of the exclusion is to avoid duplication of coverage with employee compensation insurance. Moreover, the hornbook requirement is apt, that the policy wherever ambiguous should be read against its scrivener. Here Indemnity could readily have unequivocally excluded the coverage now resting upon it. General Aviation Supply Co. v. Insurance Co. of N. America, supra, 181 F.Supp. 380, 384. The omission implies an intent not to seek such an exemption.

Strongly persuasive, if not conclusive, of the soundness of the District Judge's holding is the policy's Severability of Interests clause:

"The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

This provision compels consideration of each insured separately, independently of every other insured. Its effect here is to segregate Elk and Pepsi in the ascertainment of the coverage of each. In this isolation the reference to an employee of an insured designates solely that insured who is his employer. It does not allow such employment to be attributed to another insured who in truth is not the employer. Gulf Ins. Co. v. Mack Warehouse Corp., supra, 212 F.Supp. 39, 43; General Aviation Supply Co. v. Insurance Co. of N. America, supra, 181 F.Supp. 380.

■ III. But regardless of the twofold protection of Pepsi by both Indemnity and Travelers, *primary* coverage was placed on Indemnity by the District Court under the Other Insurance clause of Travelers' policy. That section provides:

"*Other Insurance.* If the insured has other insurance * * * the insurance under this policy with respect to loss arising out of * * * the use of any non-owned automobile shall be *excess* insurance over any other valid and collectible insurance." (Accent added)

The governance here of this provision is perfectly manifest. The decisions are almost unanimous in according such

efficacy to the clause. American Surety Co. of N. Y. v. Canal Ins. Co., 258 F.2d 934, 936 (4 Cir., 1958) (and cases there cited). Travelers' policy cannot be enforced against its terms, and, therefore, neither Indemnity nor Pepsi can impress upon it any liability before exhaustion of the other policy.

The declaration by the District Court of Indemnity as the primary insurer is approved.

Affirmed.