481 P.2d 897

**FARMERS INSURANCE GROUP, a corporation, and Linda M. Espinoza, Appellants,**

v.

**The HOME INDEMNITY COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 897.**

Court of Appeals of Arizona, Division 2.

March 8, 1971.

Rehearing Denied March 31, 1971.

Review Granted April 27, 1971.

**212**

Chandler, Tullar, Udall & Richmond by Jack Redhair, Tucson, for appellant Farmers Insurance Group.

Richard D. Grand by Thomas McHugh, Tucson, for appellant Linda M. Espinoza.

Robertson & Fickett by David C. Bury, Tucson, for appellee.

Miller, Pitt & Feldman, P. C., by David Leonard, Tucson, amicus curiae.

HATHAWAY, Judge.

This is an appeal from a summary judgment in favor of Home Indemnity Company, hereinafter referred to as Home. Farmers Insurance Group, hereinafter referred to as Farmers, instituted this declaratory judgment action against Home and Linda M. Espinoza, as surviving spouse of Juan S. Espinoza and on behalf of five surviving minor children, seeking a declaration that a policy of insurance issued by Home provided primary liability insurance coverage to one Paul C. Daly, who also was insured by Farmers,[1] for an occurrence resulting in the death of Juan Espinoza. Home filed a motion for summary judgment on the ground that an exclusion provision of its policy applied to the occurrence in question and the trial court agreed, granting the motion. Farmers and Espinoza perfected separate appeals which have been consolidated by stipulation.

There is no dispute as to the following facts of the subject accident. Farmers' named insured, Daly, was a crane operator employed as an independent contractor by Rite-Way Ventilating Company at the time in question. Home had issued an insurance policy to Rite-Way which provided liability coverage for permissive user of the insured vehicle.

While Daly was using his crane to load refrigeration units owned by Rite-Way onto Rite-Way's truck, the crane's boom came into contact with an energized electrical line. The decedent, an employee of Rite-Way, the named insured under the Home policy, who was then acting within the scope of and in the course of his employment, was touching the crane and he was killed.[2]

The policy issued by Home contains the following provisions:

"I. Coverage C-Bodily Injury Liability.

The company will pay on behalf of the insured, all sums which the insured shall

---

1. Daly was the named insured under Farmer's policy and an omnibus insured under Home's policy.

2. The Farmers' policy provided liability coverage to Daly with policy limits of $50,000 for a single accident. Home's policy provided liability coverage for a single accident to $500,000. Espinoza commenced an action against Daly for the death of her husband and Farmers made demand on Home to afford a defense and coverage to Daly. Judgment was entered on a $125,000 jury verdict in the wrongful death action and this declaratory judgment action followed. Workmen's Compensation benefits had also been applied for and received.

become legally obligated to pay as damages because of

   C.  bodily injury or

   D.  property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, of any automobile, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, * * *

II. *This insurance does not apply:*

(a) to liability assumed by the insured under any contract or agreement;

(b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(c) *to bodily injury to any employee of the insured* arising out of and in the course of his employment by the insured, but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the insured unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law; * * *." (Emphasis added)

The predicate for Home's motion for summary judgment was that Coverage C did not apply since Espinoza was an "employee of the insured" and the trial court, in granting the motion, apparently agreed.

The appellants take the position that since the decedent was an employee of the named insured and not an employee of Daly, an omnibus insured and the person for whose protection the policy was invoked, coverage is provided under Home's policy. In other words, they contend the

words "any employee of the insured" in the exclusion provisions must be construed as meaning "any employee of the insured for whose protection the policy is invoked." Thus the pivotal question is—what is the meaning of "the insured" in the exclusion provision?

Appellants correctly point out the decision in other jurisdictions are not in accord in their construction of this term. See 50 A.L.R.2d 99, and later case service. In some cases, the exclusionary language of the policy has been restricted in its application to the particular insured seeking the protection of the policy under the facts of each case as it arises.[3] Pepsi-Cola Bottling Company of Charleston v. Indemnity Insurance Company of North America, 318 F.2d 714 (4th Cir. 1963); Stewart v. Liberty Mutual Insurance Company, 256 F.2d 444 (5th Cir. 1958); Leonard v. Union Carbide Corp., 180 F.Supp. 549 (S.D.Ind.1960); Walker v. Fireman's Fund Ins. Co., 268 F.Supp. 899 (D.C.Mont.1967); General Aviation Supply Co. v. Insurance Company of North America, 181 F.Supp. 380 (E.D.Mo.1960); Pullen v. Employers' Liability Assurance Corp., 230 La. 867, 89 So.2d 373 (1956); Maryland Casualty Company v. New Jersey Manufacturers Casualty Ins. Co., 28 N.J. 17, 145 A.2d 15 (1958); City of Albany v. Standard Accident Insurance Company, 7 N.Y.2d 422, 198 N.Y.S.2d 303, 165 N.E.2d 869 (1960); Kaifer v. Georgia Casualty Company, 67 F.2d 309 (9th Cir. 1933); Campidonica v. Transport Indemnity Company, 217 Cal.App.2d 403, 31 Cal.Rptr. 735 (1963); Industrial Indemnity Company v. Continental Casualty Company, 375 F.2d 183 (10th Cir. 1967); Float-Away Door Company v. Continental Casualty Company, 372 F.2d 701 (5th Cir. 1967), cert. den. 389 U.S. 823, 88 S.Ct. 58, 19 L.Ed. 2d 76 (1967); Travelers Ins. Co v. Auto-Owners (Mutual) Ins. Co., 1 Ohio App.2d 65, 203 N.E.2d 846 (1964); Cimarron

---

3. This view is espoused in two law review articles whose co-authors are attorneys affiliated with Employers Reinsurance Corp., Kansas City, Missouri. See 24 U. of Kansas City Law Rev. 65 (1955–56), "Who is 'The Insured'?" and 28 Insurance Counsel Journal 100 (1961), " 'Who is "The Insured"? Revisited.' "

Ins. Co. v. Travelers Ins. Co., 224 Or. 57, 355 P.2d 742 (1960); Sandstrom v. Clausen's Est., 258 Wis. 534, 46 N.W.2d 831 (1951); Farm Bureau Mutual Auto Ins. Co. v. Manson, 94 N.H. 389, 54 A.2d 580 (1947); Commercial Standard Ins. Co. v. American General Ins. Co., 455 S.W.2d 714 (Tex.1970); Marwell Const., Inc. v. Underwriters at Lloyd's, London, 465 P.2d 298 (Alaska 1970).

Other courts have held that if the injured party is an employee of *any* person who is insured under the policy, the exclusion provision is applicable, despite the non-existence of an employment relationship between the injured party and the person claiming coverage. E. g. Michigan Mutual Liability Company v. Continental Casualty Co., 297 F.2d 208 (7th Cir. 1961); Kelly v. State Automobile Ins. Ass'n, 288 F.2d 734 (6th Cir. 1961); American Fidelity and Casualty Company v. St. Paul-Mercury Indemnity Company, 248 F.2d 509 (5th Cir. 1957); Webb v. American Fire and Casualty Company, 148 Fla. 714, 5 So.2d 252 (1942); Benton v. Canal Ins. Co., 241 Miss. 493, 130 So.2d 840 (1961); Simpson v. American Automobile Ins. Co., 327 S.W.2d 519 (Mo.App.1959); State Farm Mutual Auto. Ins. Co. v. Employers' Fire Ins. Co., 256 N.C. 91, 123 S.E.2d 108 (1961); Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725 (1937); G. C. Kohlmier, Inc. v. Mollenhauer, 273 Minn. 126, 140 N.W.2d 47 (1966); Travelers Ins. Co. v. American Casualty Co. of Reading, Pa., 151 Mont. 198, 441 P.2d 177 (1968); General Accident Fire and Life Assurance Corp. v. Brown, 35 Ill.App.2d 43, 181 N.E.2d 191 (1962); Industrial Indemnity Co. v. Fidelity-Phenix Ins. Co., 83 Nev. 260, 428 P.2d 200 (1967); Michigan Mutual Liability Company v. Carroll, 271 Ala. 404, 123 So.2d 920 (1960); Pennsylvania Manuf. Ass'n Ins. Co. v. Aetna Casualty and Surety Ins. Co., 426 Pa. 453, 233 A.2d 548 (1967); Associated Indemnity Corp. v. Wachsmith, 2 Wash.2d 679, 99 P.2d 420 (1940).

In the recent decision of Limon v. Farmers Insurance Exchange, 11 Ariz.App. 459, 465 P.2d 596 (1970), Division One of this court aligned itself with the latter group of authorities. However, we do not consider ourselves bound by *Limon* since the interpretation of "the insured" stated therein was merely obiter dictum. Hernandez v. Yuma County, 91 Ariz. 35, 369 P.2d 271 (1962); State ex rel. DeConcini v. Sullivan, 66 Ariz. 348, 188 P.2d 592 (1948). We therefore address ourselves to the question as one of first impression in this state.

We are inclined toward the rationale of the cases which adopt a restrictive interpretation of the term "the insured" as referring only to the party seeking coverage under the policy. As stated in Float-Away Door Co. v. Continental Casualty Company, supra:

"* * * The primary objective of such exclusionary clauses is to avoid duplication of coverage with respect to compensation insurance. With that purpose in mind, there seems to be no reason why an insured should not be indemnified against the claim of an employee outside of that insured's employment." 372 F.2d at 708.

Adverting to the policy itself, we find the following definition:

"*'insured'* means any person or organization qualifying as an insured in the 'Persons Insured' provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability;"

The "Persons Insured" provision of Coverage C recites that the named insured and certain omnibus insureds "is an insured under this insurance." We are of the opinion that the basis for exclusion is the existence of an employer-employee relationship between the injured and the insured, and in the absence of such relationship, the exclusion does not apply to the insured who remains under the protective coverage of the policy. As stated in Com-

mercial Standard Insurance v. American General Insurance Company, quoting from General Aviation Supply Co. v. Insurance Company of North America, 181 F.Supp. 380 (1960):

" 'The logical theory for the employee exclusion is to prevent employees of the tortfeasor from suing his [sic] employer for injuries received thru his employer's negligence. A reason for this is that employees are usually covered by workmen's compensation and can recover from the employer, with or without negligence. When negligence is committed by other than his employer, the logic for the exclusion disappears. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when a policy contains a severability clause, for there can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured * * *.' " 455 S.W.2d at 721

In the subject policy, the insurer has recognized the severability of interests by providing:

"The insurance afforded applies separately to each insured against whom claim is made or suit is brought * * *"

We do not believe the unqualified words "the insured" always mean the named insured and one or more omnibus insureds but rather that the term is used to refer to each insured as a separate and distinct individual apart from any and every other person who may be entitled to coverage under the policy. When a claim is made against one who is an "insured" under the policy, the latter is "the insured" for

the purpose of determining the company's obligations with respect to such claims.

The argument is made that this interpretation is unreasonable in that Rite-Way could not have intended to provide greater coverage for an omnibus insured than it did for itself. We find this argument specious for the reason that both the named insured, Rite-Way, and the omnibus insureds actually are afforded the same protection— liability coverage for injuries incurred by any one other than an employee of the one claiming coverage.

Our conclusion is buttressed by the following which appears in the "Persons Insured" provision:

"None of the following is an insured: (i) any person while engaged in the business of his employer with respect to *bodily injury* to any fellow employee of such person injured in the course of his employment;"

This provision would be wholly superfluous if we gave to the words "the insured" the meaning argued by Home, since it presupposes that in its absence the exclusion provision of the policy would cover a claim for bodily injury asserted by an employee against another employee if such other employee is otherwise within the definition of "insured." We hold, therefore, that "the insured" does not refer to all insureds but refers only to the person actually seeking coverage. Since Espinoza was not Daly's employee, the exclusion does not apply to relieve Home of its obligations under the policy.

Judgment reversed with directions to enter judgment in accordance herewith.

KRUCKER, C. J., and HOWARD, J., concur.