**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

**v.**

**GENERAL AVIATION SUPPLY CO.,**
**a Corporation, Appellee.**

**No. 16499.**

United States Court of Appeals
Eighth Circuit.

Nov. 9, 1960.

Rehearing Denied Dec. 21, 1960.

Ernest E. Baker, St. Louis, Mo., for appellant, and Louis A. Robertson, St. Louis, Mo., with him on the brief.

Morris E. Stokes, St. Louis, Mo., for appellee, and Charles F. Hamilton, St. Louis, Mo., Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, Mo., with him on the brief.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

WOODROUGH, Circuit Judge.

General Aviation Supply Company brought this suit for a declaratory judgment to adjudicate that it was an insured under the extended or omnibus clause of a policy of liability insurance issued by the defendant insurance company to Cincinnati Aircraft Company and Cincinnati Air Activities, Inc. as named insureds and to adjudicate that the insurance company was bound by the policy to defend and indemnify plaintiff in respect to an action by one Joseph Babis against the plaintiff and its employee Joseph Genne for damages in the sum of $90,000.00 for personal injuries sustained in the crash of an aeroplane belonging to the first named Cincinnati company in which Babis and Genne were riding with that company's consent. Babis alleged in his complaint against the plaintiff herein (filed in the State Court) that the aeroplane was negligently caused to fall while being operated by the plaintiff's employee within the scope of his employment.

The policy issued by defendant was in force at the time of the accident and by coverages A(1), B(1), and C(1) insured the named companies up to $40,000.00 in respect to bodily injury liability sustained by passengers in their planes and persons therein other than passengers and in respect to property damage liability. The policy also provided for what is referred to as extended or omnibus insurance as follows:

"Definitions—Insured—The unqualified word 'insured' whenever used in this policy with respect to coverages A(1), B(1), and C(1) includes not only the named insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the named insured. The insurance with respect to any person or organization other than the named insured does not apply to: * * * (b) any manufacturer of aircraft, engines, or aviation accessories, or any aviation sales or service or repair organization or airport or hangar operator or their respective employees or agents, other than agents or employees of the named insured, with respect to any occurrence or accident arising out of the operation thereof;"

The plaintiff claimed that, as its employee was riding in the named insured's aeroplane with the named insured's consent, and the employee, according to the complaint of Babis, was negligent in operating the plane in the plaintiff's business within the scope of his employment, the plaintiff was included in and entitled to be treated as an insured under the policy. The insurance company defended on the ground, among others, that the policy excluded the plaintiff from that coverage of the policy because the plaintiff was an "aviation sales or service or repair organization" within the meaning of the policy which excluded such organizations and their employees from coverage.

On the trial of the case to the Court without a jury the Court recognized that the question whether the plaintiff was such an organization was "both a legal and a factual matter." It received evidence of what plaintiff did and did not do in the course of its business and in the absence of any prior judicial interpretation of the phrase it observed that "one does not sell or repair or service aviation" and it concluded that "the phrase as used in this policy 'aviation sales or service or repair organization' refers to the sales or service or repair of aircraft. Under the facts in this case plaintiff is not engaged in that type of business, as plaintiff does not sell, service, or repair aircraft, but

sells aircraft supplies and equipment." The Court concluded that the exclusion phrase as used in the policy did not describe or apply to the plaintiff; that plaintiff was covered as an insured by the terms of the policy and was entitled to be defended in the Babis action and indemnified in case of recovery by him up to the policy limit. The opinion of the Court is published at 181 F.Supp. 380, and declaratory judgment was entered in accord with it.

The sole alleged error argued for appellant here is that the Court erred in its interpretation of the exclusion clause of the policy. The insurance company contends for reversal that the language of its policy excluding from its coverage an "aviation sales or service or repair organization" did not express more than one meaning and was not ambiguous and clearly expressed the intent of the parties to exclude the plaintiff. It insists that the Court failed to accord to the language "the meaning that it had to men engaged in the business in question" and failed to interpret the language "in the light of the objectives of the parties."

In support of the judgment, the appellee refers to the dictionary meaning of aviation, Webster's New International Dictionary, 2nd Ed., Unabridged:

"1. The art or practice of operation of heavier than air aircraft * * * Syn. aeronautics, flying, airplaning"

also Black's Law Dictionary, 3rd. Ed.:

"Aviation means the art or science of travelling through the air by means of an airplane."

It stresses the fact, found by the Court on sufficient evidence, that it never engaged in the sale of aircraft, nor manufactured any product for use in connection with the operation or maintenance of them, nor did it engage in any type of hangar operation. It never repaired or serviced aircraft or aircraft parts. Its business as found by the Court was to sell supplies and equipment. The Cincinnati company named as the insured in the policy involved was a distributor of Cessna aeroplanes and also bought and sold used planes. It employed mechanics and had and used all facilities for sale, repair, and service of aircraft, i. e., overhauling, repairing, painting, remodelling, selling, storing, instruction of students, and a charter service for transport of passengers.

The insurance company relies on the evidence that the plaintiff, in carrying on its business of selling supplies to persons and to organizations that sell, service, and repair or use aircraft constantly refers in its extensive catalogue, merchandise descriptions, and sales talks to what it calls the "aviation industry," and "aviation trade" and "aviation business." The contention is in substance that the word aviation ought to be given the same meaning in the question policy phrase as it has when so combined with the words "industry," or "trade," or "business," as if the phrase read to exclude "sales organizations in the aviation industry," "service organization in that industry, etc."

But there was no evidence that the policy phrase "aviation sales organization" etc. was ever used to define the plaintiff's business. It appears to have been coined by the insurer's scrivener and there is no definition of the phrase in the policy. Having affirmatively expressed the coverage in a broad promise to defend and to indemnify, it was incumbent on the company to define the exclusions from that promise in clear terms. There is at least ambiguity here, whether the policy's intention is to exclude organizations like the named insured which sell, service and repair aircraft, or whether it is more broadly meant to exclude also organizations like the plaintiff which do none of those things, but do sell supplies and equipment.

As we said in American Indemnity Company v. Swartz, 8 Cir., 250 F.2d 532, 536:

"The burden is upon the appellant to demonstrate error. To obtain a reversal the appellant must show that the conclusion reached by the trial court as to the interpretation of the

contract is irrational, illogical, unsound, or contrary to any local or general law applicable to the interpretation of an insurance contract. Grundeen v. United States Fidelity and Guaranty Co., 8 Cir., 238 F.2d 750, 753."

We conclude that the decision of the trial Court on the point in issue here was a permissible one under local law.

Affirmed.