62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrea M. RODABAUGH, as Personal Representative of the
Estate of Douglas Paul Rodabaugh, Deceased, as
Assignee of Charles Ross and Rupert
Romero, Assignors,
Plaintiff-Appellant
Cross-Appellee
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee Cross-Appellant.
 Nos. 94-8008, 94-8016.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before HENRY and McKAY Circuit Judges, and VRATIL,[2] District Judge.
 
 
 2
 The plaintiff in this diversity case, Andrea M. Rodabaugh, appeals the district court's order granting summary judgment in favor of the defendant, CNA Insurance Co., on Ms. Rodabaugh's negligence and breach of contract claims. She also appeals the district court's denial of her motion for partial summary judgment with regard to her breach of contract claim. CNA cross-appeals the district court's denial of CNA's motion for summary judgment against Ms. Rodabaugh on her bad faith claim.
 
 BACKGROUND
 
 3
 Ms. Rodabaugh is the personal representative of the estate of her husband, a former employee of Forrest Construction Co. In 1986, CNA issued a "Business Auto Policy" to Forrest Construction. This policy provided liability coverage to anyone using a "covered auto" with Forrest's permission against loss arising from bodily injury or property damage. The policy also enumerated specific exclusions from coverage:
 
 
 4
 C. WE WILL NOT COVER--EXCLUSIONS.
 
 This insurance does not apply to:
 
 5
 ....
 
 
 6
 2. Any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.
 
 
 7
 ....
 
 
 8
 4. Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment.
 
 
 9
 5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits.
 
 
 10
 App. vol. I, at 25. This policy was effective from November 1986 to November 1987.[3]
 
 
 11
 In October of 1987, three of Forrest's employees were involved in a collision between two dump trucks at a job site. Ms. Rodabaugh's husband was killed. The other two employees, Mr. Ross and Mr. Romero, survived the accident.
 
 
 12
 In October of 1988, Ms. Rodabaugh sued Ross, Romero, and the sole proprietor of Forrest Construction, Douglas Forrest, in Wyoming state court. All of the defendants requested that CNA defend the claims against them under the business auto policy. CNA agreed to defend Douglas Forrest, but refused to defend Ross and Romero. Douglas Forrest was later dismissed from the action.
 
 
 13
 Ms. Rodabaugh, Ross, and Romero ultimately settled the case and stipulated a judgment in the amount of $615,000. They also agreed that Ms. Rodabaugh would not execute the judgment, and that Ross and Romero would in turn assign their rights to file a claim against CNA to Ms. Rodabaugh.
 
 
 14
 As the assignee of Ross and Romero, Ms. Rodabaugh thereafter filed suit against CNA in federal court, arguing that CNA breached its contract with Ross and Romero and acted both negligently and in bad faith in refusing to defend them. CNA filed a motion seeking summary judgment against Ms. Rodabaugh on all of her claims, and Ms. Rodabaugh filed a motion for partial summary judgment on her breach of contract claim. The district court granted summary judgment in favor of CNA with respect to the breach of contract and negligence claims, but denied summary judgment as to the bad faith claim. The court held that CNA had no duty to defend Ross and Romero in the underlying state court action, and that Ms. Rodabaugh therefore could not make out a claim for negligence or breach of contract. However, in denying CNA's summary judgment motion as to the bad faith claim, the court held that under Wyoming law a plaintiff could still make out a claim for breach of the implied covenant of good faith and fair dealing, even in the absence of an insurer's duty to defend.
 
 
 15
 Both parties filed motions for reconsideration, which were denied. Ms. Rodabaugh then filed a motion requesting that the district court enter its order granting summary judgment against her as a final judgment pursuant to Fed.R.Civ.P. 54(b). This motion was granted by the district court. Both parties now appeal the district court's summary judgment order.
 
 DISCUSSION
 Jurisdiction
 
 16
 We first determine whether this court has jurisdiction to consider CNA's cross-appeal. In its cross-appeal, CNA argues that the district court erred by refusing to grant summary judgment in CNA's favor on its remaining claims because the assignment contract was invalid[4] and because Ms. Rodabaugh cannot make out a bad faith claim under the circumstances of this case. Ms. Rodabaugh argues that this court has no jurisdiction over CNA's cross-appeal because a district court's denial of summary judgment is not a final disposition of the merits of the claim.
 
 
 17
 Because an order denying summary judgment is not a "final order or decision" under 28 U.S.C. 1291, "it is reviewable only pursuant to the provisions for interlocutory appeal set forth in 28 U.S.C. 1292(b)." Pacific Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1306 (1977).[5] This rule was recently reiterated in Swint v. Chambers County Comm'n, 115 S.Ct. 1203 (1995), in which the Supreme Court held that the Eleventh Circuit Court of Appeals lacked jurisdiction to review a district court's order denying summary judgment. The Court made clear in Swint that absent a showing that the district court's decision is a collateral order,[6] the courts of appeals are generally without jurisdiction to review nonfinal orders that have not been certified for immediate appeal by the district court pursuant to 1292(b). Further, the Court noted that 1292(b) confers "first line discretion" upon district courts to allow interlocutory appeals; courts of appeals may not unilaterally exercise jurisdiction over orders not certified by the district court or else "the two-tiered arrangement 1292(b) mandates would be severely undermined." Id. at 1210.
 
 
 18
 CNA argues that the district court's order granting Rule 54(b) certification was sufficient to satisfy the requirements for an interlocutory appeal under 28 U.S.C. 1292(b).[7] However, CNA never requested certification pursuant to 1292(b), the district court never purported to certify these issues under 1292(b), and we do not believe that the language used by the district court in its order granting the plaintiff's motion under Fed.R.Civ.P. 54(b) otherwise satisfied the requirements of 1292(b).[8] CNA's cross-appeal is accordingly dismissed, and we therefore do not reach the merits of its arguments regarding Ms. Rodabaugh's bad faith claim or regarding the validity of the assignment contract.
 
 Duty to Defend
 
 19
 Ms. Rodabaugh appeals the district court's order granting summary judgment to CNA on her breach of contract and negligence claims. The district court held that CNA had no duty to defend Ross and Romero in the underlying state court action, and that Ms. Rodabaugh therefore could not maintain her breach of contract or negligence causes of action. We review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994); see also Fed.R.Civ.P. 56(c) (Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."). Additionally, "[t]he obligation of responsible appellate review and the principles of a cooperative judicial federalism underlying Erie require that courts of appeals review the state-law determinations of district courts de novo." Salve Regina College v. Russell, 499 U.S. 225, 239 (1991).
 
 
 20
 Under Wyoming law, the duty to defend arises if there is a potential for coverage under the policy. Boston Ins. Co. v. Maddux Well Serv., 459 P.2d 777, 779 (Wyo.1967). This means that the allegations in the complaint must fall within the scope of the risks undertaken by the insurer in the policy. First Wyoming Bank, N.A. v. Continental Ins., 860 P.2d 1094, 1097-98 (Wyo.1993). This duty exists regardless of whether the insurer ultimately will have to indemnify the insured. Id.
 
 
 21
 In its motion for summary judgment, CNA argued that Ms. Rodabaugh's claims against Ross and Romero were not covered by the auto policy because Exclusion (4) applied to bar coverage for injury to an employee by a fellow employee. CNA argued that it therefore had no duty to defend Ross and Romero under the policy. The district court agreed with CNA and rejected Ms. Rodabaugh's contention that the Wyoming Supreme Court's opinion in Barnette v. Hartford Ins. Group, 653 P.2d 1375 (Wyo.1982), required coverage of Ross and Romero's claims under the policy.
 
 
 22
 In that case, Barnette was not only the president of the insured corporation, but was also "actively engaged in day-to-day employment with ... a division of the corporation." Id. at 1376. When one of the corporation's employees was injured in an accident involving a truck covered by the corporation's motor vehicle liability policy, he sued Barnette for negligence. The injured employee recovered damages from Barnette pursuant to a jury verdict, and Barnette sought indemnification from the insurance company for that loss.
 
 
 23
 The issue before the Wyoming Supreme Court in Barnette was the effect of a cross-employee exclusion clause, which read much like Exclusion (4) of the CNA policy in this case. The Barnette clause read:
 
 
 24
 "None of the following is an insured:
 
 
 25
 (i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment."
 
 
 26
 Id. at 1377 (emphasis in original). The Wyoming court initially noted that the claim against Barnette appeared to be excluded from coverage under the plain language of the cross-employee exclusion clause because the injured party was Barnette's fellow employee.[9] However, Barnette argued that in order to give effect to the parties' intent, the cross-employee exclusion clause had to be viewed in light of the overwhelming authority explaining the purpose of such clauses. The court summarized the rationale behind cross-employee exclusion clauses as follows:
 
 
 27
 [T]he protection furnished by an automobile liability policy is not imperative where employee injuries are concerned because ... these injuries are usually compensated through worker's compensation. This being so, the courts, in giving force and effect to the cross-employee exclusionary clause, have held that it is not necessary to impose upon the employer the extra expense of insuring his employees.
 
 
 28
 Id. Barnette argued that this policy would not be vindicated by application of the cross-employee exclusion in his case because he did not make workers' compensation contributions in his capacity as an employee of the corporation.
 
 
 29
 Adopting this reasoning, the Barnette court read the cross-employee exclusion clause to exclude only suits by an injured employee against his or her employer; suits between fellow employees were not excepted from coverage under the cross-employee exclusion clause.[10] The Barnette court did, however, indicate that if an insurer clearly expressed intent in the policy to exclude such coverage, it could do so. See id. at 1380 (quoting General Aviation Supply Co. v. Insurance Co. of N. Am., 181 F.Supp. 380, 384 (E.D.Mo.), aff'd, 283 F.2d 590 (8th Cir.1960)). The court simply held that it had not done so in that case; exclusion of the claim against Barnette was not clearly the parties' intent given the historical purpose of cross-employee exclusion clauses.
 
 
 30
 Given the fact that the Barnette cross-employee exclusion clause is nearly identical in wording to Exclusion (4) of the CNA policy in this case, Ms. Rodabaugh argued that, following Barnette, Exclusion (4) could not exclude Ross and Romero's claims from coverage. However, the district court attempted to distinguish the facts of this case from those in Barnette. Specifically, the court held that CNA and Forrest clearly expressed their intent in the policy language to exclude both suits between fellow employees and suits by an employee against his or her employer. The court stated that in response to Barnette, CNA changed the policy language to provide separate exclusions for suits by an employee against his or her employer (Exclusion (5)) and suits between fellow employees (Exclusion (4)). The court concluded: "This Court holds that the clear language of the policy at issue indicates that the claims against Ross and Romero were not covered by the policy. Therefore, CNA had no duty to defend Ross and Romero in this action." App. vol. II, at 443.
 
 
 31
 Ms. Rodabaugh then filed a motion for reconsideration, contending that the district court erred by determining as a matter of fact that CNA changed the language of its exclusions in response to Barnette. Specifically, she contended that this finding was erroneous by the policy's own terms because the policy's copyright date was 1977, 1979--several years before the Barnette decision. Additionally, she argued that whether CNA changed its policy language in response to Barnette was a disputed material fact, and that summary judgment was therefore improper. In denying this motion, the district court held that the copyright date was of no consequence because "[t]he plaintiff's argument ... does not change the language found in the policy which clearly excludes coverage for lawsuits brought between co-employees." Id. at 462.
 
 
 32
 We cannot agree with the district court that the CNA policy is sufficiently different from the policy in Barnette to draw a principled distinction. We note that, like the CNA policy, the policy in Barnette also included a provision that specifically excluded suits by an employee against his or her employer and a provision that excluded coverage of injuries for which the insured could be held liable under workers' compensation laws. See Barnette, 653 P.2d at 1385 (Rooney, J., dissenting).[11] Although the Barnette majority did not discuss these other exclusions, we cannot ignore the language of the policy that was before the Wyoming Supreme Court when Barnette was decided. Therefore, given the almost identical language of these policies, we must give effect to Barnette and hold that the cross-employee exclusion clause in the CNA policy does not deny indemnity in this situation because Ms. Rodabaugh's husband was not an employee of Ross and Romero.[12] The district court therefore erred by granting summary judgment to CNA on Ms. Rodabaugh's negligence and breach of contract claims on the basis of the cross-employee exclusion.[13]
 
 
 33
 We therefore DISMISS CNA's cross-appeal, REVERSE the order of the district court granting summary judgment against Ms. Rodabaugh with regard to her negligence and breach of contract claims, and REMAND the case to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation
 
 
 [3]
 The policy also contained what is known as a "severability of interest" clause, which read: "Except with respect to our limit of liability, the insurance afforded applies separately to each insured who is seeking coverage or against whom a claim is made or suit is brought." App. vol. I, at 24
 
 
 [4]
 We note Ms. Rodabaugh's argument that in the district court CNA did not raise the specific issue presented on appeal regarding the validity of the assignment contract. Although neither party has included a copy of CNA's memorandum in support of its motion for summary judgment in the record on appeal, we have reviewed the materials identified by CNA, and it appears that the issue was not sufficiently preserved. We need not specifically decide, however, given our holding that CNA's appeal is not properly before this court
 
 
 [5]
 Section 1292(b) states, in pertinent part:
 When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....
 28 U.S.C. 1292(b).
 
 
 [6]
 The collateral order doctrine "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." Swint, 115 S.Ct. at 1208. CNA has not argued that the portions of the district court's order raised in its cross-appeal fall within the purview of this rule
 
 
 [7]
 We reject CNA's suggestion that this court has jurisdiction to hear its cross-appeal--along with Ms. Rodabaugh's appeal--under Fed.R.Civ.P. 54(b), because that rule also only applies to an order that is "final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956))
 
 
 [8]
 That order read:
 Plaintiff's Motion for Entry as Final Judgment: The plaintiff has requested that this Court, pursuant to Federal Rule of Civil Procedure 54(b) enter as a final Judgment its Order Denying Plaintiff's Motion for Summary Judgment and Granting in Part and Denying in Part the Defendant's Motion for Summary Judgment so that this matter may be immediately appealed to the Tenth Circuit Court of Appeals. Due to the issues raised by both parties in their motions for reconsideration and, in the interest of judicial economy, this Court has concluded that there is no just reason for delay of the entry of its October 8, 1993 order as a final Judgment. App. vol. II, at 463.
 
 
 [9]
 The policy in Barnette contained a "severability of interest clause," which provided that the policy applied separately to each "person insured." The court found that the severability of interest clause required the cross-employee exclusion clause to be individually applied to each "person insured" who claimed coverage under the policy. Therefore, the effect of the severability of interest clause in Barnette was that the person insured (Barnette) had to be viewed in the context of the specific claim against him. Because Barnette was sued for acting negligently in his capacity as a fellow employee of the injured party, rather than as the injured party's employer, the policy was interpreted in that light
 
 
 [10]
 The court articulated the following rule with respect to such clauses:
 The cross-employee exclusionary clause denies indemnity where the injured person is an employee of the insured seeking coverage but--it does not deny indemnity where the injured person is not an employee of the insured who seeks protection under the policy.
 Barnette, 653 P.2d at 1379.
 
 
 [11]
 These exclusions read as follows:
 "This insurance does not apply:
 ....
 (b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
 (c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured ...."
 Barnette, 653 P.2d at 1385 (Rooney, J., dissenting).
 
 
 [12]
 CNA contends that this policy may be distinguished from the policy in Barnette because the cross-employee exclusion in the CNA policy is contained in the "Exclusions" provisions whereas the cross-employee exclusion in the Barnette policy was contained in the provisions defining who was an "insured" under the policy. See Barnette, 653 P.2d at 1377. We believe this is merely a matter of semantics--defining who is an "insured" and providing exclusions both serve the purpose of delineating coverage under the policy. We therefore are not persuaded by this argument
 
 
 [13]
 Ms. Rodabaugh has also attempted to appeal the district court's order denying her motion for partial summary judgment on her breach of contract claim. Although the district court's order does not constitute a final order under 28 U.S.C. 1291, and the certification procedures for interlocutory appeals under 28 U.S.C. 1292(b) were not followed, this court has previously held that we may review a district court's denial of a summary judgment motion if we reverse the district court's grant of a cross-motion for summary judgment on the same issue. In order to do so, "there [can be] no dispute as to the facts, and the facts [must] justify judgment" for Ms. Rodabaugh. Schmidt v. Farm Credit Servs., 977 F.2d 511, 513 n. 3 (10th Cir.1992). "It must [also] be clear ... what the facts are and that the adversary had a fair opportunity to dispute them." Id. In this case, the district court held that genuine material factual issues remained as to whether Ross and Romero were driving "a covered auto with permission." District Court Order at 9, App. vol. II, at 437 (emphasis added). It would therefore be inappropriate for this court to entertain Ms. Rodabaugh's appeal of the district court's denial of her motion for partial summary judgment on the breach of contract claim, and we remand the issue for further consideration by the district court