**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PEERLESS INDEMNITY
INSURANCE COMPANY, an Illinois
corporation,

　　　　Plaintiff - Appellant,

v.

STEVEN N. SWANNER; ASER L.
AUGUSTE; and RAJASEKAR
AZHAGAPPAN,

　　　　Defendants - Appellees.

and

CLOUD PEAK HOSPITALITY, doing
business as Holiday Inn,

　　　　Defendant.

No. 15-8014
(D. Wyo.)
(D.C. No. 2:14-CV-00099-SWS)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **KELLY**, and **LUCERO**, Circuit Judges.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Cloud Peak operates a Holiday Inn in Sheridan, Wyoming. As a service to its guests and employees, the hotel offers free shuttle rides around town as well as to and from employees' homes. A hotel employee was assigned to drive the Holiday Inn shuttle, and two employees, Aser Auguste and Rajasekar Azhagappan, caught a ride home after their shifts ended. Both lived about five miles from work, but because neither had a car or driver's license, they relied on the free shuttle.

During the drive to the employees' homes, the driver—who was allegedly intoxicated—lost control of the vehicle and crashed. The employees suffered injuries as a result of the crash.

The employees filed for and received worker's compensation coverage. Under Wyoming law, injuries incurred during travel to or from work in an employer's vehicle is covered by the worker's compensation statute. *See* Wyo. Stat. § 27-14-102(a)(xi)(D). The passengers also filed suit against the driver in Wyoming state court, alleging he was under the influence of drugs or alcohol at the time of the accident and his negligence caused their injuries. The state trial court determined that due to their worker's compensation recovery, the passengers could recover against the driver but only if they proved willful and wanton misconduct, as opposed to mere negligence.

The driver sought indemnity under Cloud Peak's insurance policies issued by Peerless. Arguing it was not obligated to defend and indemnify the driver due to exclusions in the policies, Peerless then sought a declaratory judgment in federal court. Cloud Peak, the driver, and the injured employees were named as defendants in the declaratory judgment action.[1]

The district court analyzed the insurance policies under Wyoming law, and found (1) the exclusions relating to injuries caused by fellow-employees and expected or intended bodily injury did not apply; and (2) Peerless was required to indemnify the driver because, notwithstanding these exclusions, the policy covered the driver's activities.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## II. Analysis

Peerless contends that two exclusions in the policies precluded coverage for the driver. The district court held that neither exclusion applied, and issued a declaratory judgment finding that Peerless was required to indemnify the driver. As we explain, we agree with the district court that the insurance policies' exclusions do not bar coverage. We review the district court's order de novo.

---

[1] On June 29, 2015, we granted Cloud Peak's unopposed motion to dismiss itself as a party in this appeal.

## A.  *The Insurance Policies*

Cloud Peak maintained two insurance policies with Peerless: (1) an automobile policy, and (2) a commercial umbrella liability policy.  A permissive user of Cloud Peak's automobiles qualified as an "insured" under both policies.  As relevant here, the two policies were nearly identical.  For our purposes we focus on three provisions in the policies.

First, each policy contains a "Fellow-employee" exclusion.  Under this exclusion, coverage is excluded for

> "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

Aplt. App. Vol. I at 53–54.

In addition, the policies contain an exclusion for "'Bodily injury' or 'property damage' expected or intended from the standpoint of the 'insured.'"  *Id.*

Finally, the policies contain a "Severability Clause" that provides:

> "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage.  Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

Aplt. App. Vol. I at 61–62.

### B. Fellow-employee Exclusion

Peerless first argues that because the driver and the injured employees were all employees of Cloud Peak, coverage is excluded under the fellow-employee exclusions in the policies. Because this is a diversity case, we are bound by the Wyoming Supreme Court's interpretation of Wyoming law, including principles of contract interpretation. *See First Am. Kickapoo Operations, LLC v. Multimedia Games, Inc.*, 412 F.3d 1166, 1172 (10th Cir. 2005). We find that the exclusion does not apply for two reasons. First, Wyoming Supreme Court precedent forbids the application of the exclusion in this context. Second, the plain language of the exclusion shows that it does not apply.

### 1. Binding Wyoming Precedent

The Wyoming Supreme Court has previously analyzed when a fellow-employee exclusion (referred to as a "cross-employee exclusion" in the opinion[2]) precludes coverage. In *Barnette v. Hartford Insurance Group*, 653 P.2d 1375 (Wyo. 1982), the Supreme Court considered the exclusion in a case where one employee had injured his fellow employee in an automobile accident, resulting in

---

[2] The cross-employee exclusion stated:

> None of the following is an insured:
> (i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment.

653 P.2d at 1377.

a lawsuit. The defendant-employee sought indemnity from the corporation's automobile liability insurer, which claimed the cross-employee exclusion precluded coverage. As here, there was no issue that the defendant employee was an "insured" under the policy. In addition, the policy contained a severability clause similar to the one in Cloud Peak's policy with Peerless.

The *Barnette* court found the cross-employee exclusion did not preclude coverage for the defendant-employee. *Id.* at 1383. In analyzing the policy, the court concluded the following rule controls:

> The cross-employee exclusionary clause denies indemnity where the injured person is an employee of the insured seeking coverage but—it does not deny indemnity where the injured person is *not* an employee of the insured who seeks protection under the policy.

*Id.* at 1379 (emphasis in original). In other words, "[i]f . . . the insured in question is *not* an employer who seeks policy protection from the claims of employees, then the cross-employee exclusionary rule cannot interfere with the coverage of that insured." *Id.* at 1383. The court then relied on the severability clause, finding that the driver of the vehicle was an insured vis-a-vis the injured employee. The court emphasized the importance of the severability clause, stating that it was designed to clarify when "coverage would extend to an additional insured seeking protection from the claim of a co-employee and who was not himself or herself the claimant's employer." *Id.* at 1376. The severability clause "comes to [the] rescue" for employees who cause injuries to

-6-

their fellow employees. *Id.* at 1378. The court emphasized that insurance companies had inserted the severability clause to "clarify the problem" of injuries to cross employees, and by adding the clause the person seeking protection is the "insured" under the policy. *Id.* And because an insured who is not the employer of the injured party is not "obligated to protect employees through either compensation contribution or private insurance," the court held that coverage should not be denied. *Id.*

The Wyoming Supreme Court's holding is clear: when a fellow-employee (or cross-employee) exclusion is combined with a severability clause, coverage will not be precluded when the insured in question is a fellow employee seeking policy protection. Peerless argues that *Barnette* is of "limited use in this case" because the Wyoming Supreme Court seemed to confuse the fellow-employee exclusion, which addresses injuries to one employee caused by another *employee*, with an "employee of the insured" exclusion, which addresses injuries to an employee caused by an *employer*. Aplt. Reply Br. at 8–9. But *Barnette* is on-point Wyoming Supreme Court precedent, and controls the outcome here.

This is not the first time we have recognized the binding nature of *Barnette*. In *State Farm v. Dyer*, 19 F.3d 514, 522 (10th Cir. 1994), we held that a fellow-employee exclusion applied only because the policy did not contain a severability clause. "We agree with the trial court's conclusion that the State Farm liability insurance policy does not contain a severability clause and for that reason,

-7-

*Barnette* is not controlling."  Similarly, in an unpublished opinion, we relied on

*Barnette* in declining to apply a fellow-employee exclusion where the person

seeking coverage was not the employer of the injured employee.  *See Rodabaugh*

*v. Continental Cas. Co.*, 1995 WL 471082 (10th Cir. 1995).  In that case, after a

fatal car accident, the estate of the dead employee sued the other employees for

causing the accident.  Because the accident happened during the course of

employment, the defendants sought coverage under their employer's insurance

and the insurance company claimed the fellow-employee exclusion precluded

coverage.  As in Peerless's case, the insurance policy had a severability clause,

and separate exclusions for fellow-employee injuries and "employee of the

insured" injuries.  Nonetheless, we noted that the exclusion in *Barnette* contained

nearly identical wording, and therefore held that we were bound by the Wyoming

Supreme Court's decision applying coverage in such cases.  *Id.* at \*4.[3]

---

[3]  We recognize that other courts have questioned the logic of *Barnette* and—when in a position to do so—come to a different conclusion.  For example, the Missouri Supreme Court criticized the *Barnette* decision, citing the opinion's apparent confusion between fellow-employee exclusions and "employee of the insured" exclusions.  *See Baker v. DePew*, 860 S.W.2d 318, 322 (Mo. 1993) ("In *Barnette*, the Wyoming court was actually considering a fellow employee exclusion clause (which they referred to as a 'cross-employee' exclusion clause).  However, virtually all of the cases that the Wyoming court discussed and the treatises relied upon involved employee exclusion clauses.  The Wyoming court apparently either never distinguished between the two or assumed that both clauses have the same purpose and therefore should be applied in the same manner to reach the same result.").  The Missouri Supreme Court correctly noted that nearly all of the cases cited by the *Barnette* majority dealt with exclusions for injuries caused by an *employer* rather than a fellow *employee*.  *Id.*; *cf. Barnette*,

(continued...)

Here, too, we find *Barnette* controls and affirm the district court's

conclusion that the fellow-employee exclusion does not preclude coverage.[4]

## 2. The Exclusion's Language

The policy also excludes coverage for injuries arising from the employees'

employment.  Peerless contends the exclusion applies here.

---

[3](...continued)
653 P.2d at 1380–83 (citing multiple cases that involved "employee of the insured exclusions" rather than "fellow-employee exclusions" to support its holding).

We agree that the *Barnette* majority's holding seems to rest on inapplicable case law insofar as it relies on decisions about "employee of the insured" exclusions.  We also have difficulty understanding how a clause that explicitly refers to "bodily injury to any *fellow employee*," *id.* at 1377 (emphasis added), does not cover a situation where one employee injures another.  And the parties' inclusion of the clause in the policy seems to show some intent to preclude coverage in these situations.  But we are not in a position to disregard the ruling. Sitting in diversity we must defer to Wyoming law as determined by its highest court.

[4] Peerless argues that Cloud Peak has waived any argument regarding *Barnette* and the severability clause because they did not file a cross-appeal from the district court's order.  That order did not address whether *Barnette* controlled the outcome.  Rather, the district court based its holding on its finding that the passengers' injuries did not arise out of and in the course of their employment, as required by the exclusion.  So the district court did not find against the appellees on the *Barnette* issue, as Peerless argues, but instead cabined its analysis to only one justification.  "[W]e may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal."  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011); *see also Wyoming v. U.S. Dep't of Agric.*, 661 F.3d 1209, 1254 n.33 (10th Cir. 2011) ("[A]n appellee is generally permitted to 'defend the judgment won below on any ground supported by the record without filing a cross appeal.'"). The appellees have not waived their *Barnette* argument and we address it on appeal.

The policy generally excludes coverage for injuries that "aris[e] out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of [Cloud Peak's] business." Aplt. App. Vol. I at 53–54. The district court held that the injuries did not "arise out of" the injured employees' employment, and therefore the exclusion did not apply. Peerless argues the district court erred when it failed to import the "employer conveyance rule" from the Wyoming worker's compensation statute into the insurance policy, which covers injuries occurring during travel to or from the place of employment while riding in an employer-owned conveyance. *See* Wyo. Stat. § 27-14-102(a)(xi)(D).

Applying the employee conveyance rule, Peerless contends, would place the injuries within the "course of employment" and preclude coverage under the exclusion. We agree with the district court that established principles of Wyoming law call for a straightforward interpretation of the policy's language. This interpretation should look only to the clause's language and plain meaning, and not rules or definitions taken from other sources, such as the worker's compensation statute. *See Shaffer v. WINhealth Partners*, 261 P.3d 708, 711 (Wyo. 2011). Had the contracting parties—Peerless and Cloud Peak—wished to include the limitation contained in the employer conveyance rule in the policy they easily could have. But they did not, and we will not alter the unambiguous contractual terms they actually chose.

-10-

Peerless argues that even without the employer conveyance rule the exclusion applies because the injured employees were acting within the course of their employment at the time the accident occurred. After analyzing the undisputed facts, and giving the exclusion its plain meaning, we agree with the district court that the passengers' injuries did not "aris[e] out of and in the course of" their employment.

First, the employees were neither on the clock nor performing any duties related to their employment at the time of the accident. In addition, the employees were not required to travel in the van as part of their employment at the Holiday Inn. Rather, the hotel gratuitously offered the shuttle rides for the convenience of its employees. This fact distinguishes the case from some of those cited by Peerless in support of its argument. For example, Peerless cites to *Garrett v. New Hampshire Insurance Co.*, 860 F. Supp. 2d 1203, 1212 (D. Or. 2012), where the court found a logging employee's injury while riding in his employer's shuttle arose out of and in the course of his employment. But in that case the employee "understood that if he wanted to stay employed with [the employer], he had to ride in the company truck" due to the dangerous nature of the logging roads. *Id.* at 1211. In other words, the job *required* transportation in the employer's conveyance. By contrast, the passengers here rode in the Holiday Inn shuttle for their own convenience because they did not own vehicles. Nothing about their jobs dictated how they traveled to or from work.

Thus, we agree with the district court's conclusion that "[t]here is no nexus between their injuries and their courses of employment." Aplt. App. Vol. I at 61. We stress that even were we to agree with Peerless's argument here, however, we would still hold that the *Barnette* decision forecloses a finding that the exclusion applies.

### C. *Expected or Intended Bodily Injury Exclusion*

Peerless next argues that coverage is precluded by the "Expected or Intended Bodily Injury" exclusion in both policies. As noted, the state trial court ruled that the employees must prove wanton and willful misconduct to recover against the driver under Wyoming law. Peerless claims that if the employees make that showing—and recover at trial—then they will have necessarily proven that the driver expected or intended the passengers' injuries, triggering the exclusion. The district court disagreed, finding the two standards are not equivalent under state law. We agree with the district court that the employees can succeed at trial without showing the driver "expected or intended" their injuries, so the exclusion does not apply.

The Wyoming Supreme Court has defined willful and wanton misconduct in several cases. In *Danculovich v. Brown*, 593 P.2d 187, 191, 193 (Wyo. 1979), the court said willful and wanton misconduct does not require "intent to cause injury or damage," but rather the "intent to do an act, or an intent to not do an act, in reckless disregard of the consequences, and under such circumstances and

-12-

conditions that a reasonable man would know, or have reason to know, that such conduct would, in a high degree of probability, result in substantial harm to another." In another case, the court stated willful and wanton misconduct requires "a state of mind approaching intent to do harm." *Formisano v. Gaston*, 246 P.3d 286, 291 (Wyo. 2011). Peerless would prefer we adopt the second definition, which more closely tracks the exclusion's language requiring intent to cause the injury. But as the district court recognized, a state of mind "approaching" intent to do harm is not the same.

Construing the policy in favor of the insured—the driver in this instance—and noting the intent standard adopted by the Wyoming Supreme Court, we conclude the exclusion does not equate to willful and wanton misconduct. *Shaffer*, 261 P.3d at 711. First, the exclusion requires intent or an expectation of injury viewed "from the standpoint of the 'insured.'" By contrast, in analyzing whether conduct is willful and wanton, the Wyoming Supreme Court looks to what a "reasonable man" knows or should know. *Danculovich*, 593 P.2d at 193. In other words, one analysis requires a subjective test while the other uses an objective one. The jury in the passengers' suit could conclude that *a reasonable man* should have known that driving while impaired could lead to injury without also concluding that *the driver himself* intended or expected such a result.

Second, willful and wanton misconduct requires intent only to do the act which causes the injury. The actor need not intend to cause the injury. *See id.*

-13-

The exclusion, however, requires the injury *itself* be intended or expected. Determining whether this requirement is satisfied calls for a different analysis than the willful or wanton misconduct question. So, again, the jury could conclude that the driver intended to commit the act that caused the injury—driving under the influence—without also intending to cause the injury itself.

In sum, we reject Peerless's argument that the expected or intended injury exclusion necessarily applies if the injured employees succeed at trial.

### D. Rule 59(e) Motion

After the district court denied Peerless's motion for summary judgment and issued a declaratory judgment in favor of the appellees, Peerless filed a Rule 59(e) motion to alter or amend the judgment. As relevant here, the district court denied the motion. Peerless argues the district court abused its discretion in denying the motion because it failed to determine how the Wyoming Supreme Court would have decided the case. Peerless is correct that when faced with unsettled issues of state law, federal courts should predict how the state's highest court would interpret the issue.[5] *See Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 852 (10th Cir. 2015). In making this prediction, the court is "free to consider all resources available, including decisions of [Wyoming] courts, other state courts

---

[5] Given the on-point holding in *Barnette*, we doubt that the applicability of the fellow-employee exclusion to Peerless's policy could be called an "unsettled issue" of Wyoming law.

and federal courts, in addition to the general weight and trend of authority." *FDIC v. Schuchmann*, 235 F.3d 1217, 1225 (10th Cir. 2000).

As we read the district court's thorough order, it did just that. The district court discussed precedent from this court, the Wyoming Supreme Court, and other federal district courts. It extensively discussed Wyoming law as interpreted by the Wyoming Supreme Court in deciding the two exclusions did not apply. The court also cited and applied the Wyoming Supreme Court's principles of contract interpretation. Furthermore, as discussed above, we agree with the district court's legal conclusions and believe the Wyoming Supreme Court would agree as well. The district court did not abuse its discretion in denying the Rule 59(e) motion.

## III. Conclusion

We AFFIRM the district court's denial of Peerless's motion for summary judgment and its issuance of declaratory judgment in favor of the appellees.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge